IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| NVR, Inc., ) | |
|                 Plaintiff, ) | C.A. No. 0:12-3071-CMC |
|                 vs. ) | OPINION AND ORDER |
| ) | |
| The Cincinnati Insurance Company, ) | |
|                 Defendant. ) | |

Through this action, Plaintiff NVR, Inc. ("NVR"), seeks, *inter alia*, a declaratory judgment that Defendant, The Cincinnati Insurance Company ("Cincinnati"), owes it a duty of defense and indemnity in an action relating to NVR's construction of a townhome project in York County, South Carolina ("Project"). Dkt. No. 1 ¶ 1. NVR also seeks damages for bad faith failure to provide coverage. *Id.*

Cincinnati moves to dismiss or transfer this action to the Western District of North Carolina based on its own, earlier filing of a declaratory judgment action relating to the same central issue. Dkt. No. 13. For reasons explained below, the court grants Cincinnati's motion and transfers this action to the Western District of North Carolina.

**BACKGROUND**

NVR, a Virginia corporation, served as the prime contractor for the Project. Dkt. No. 1 ¶¶ 1, 3, 25, 27. The insurance policies under which NVR seeks coverage were issued to three subcontractors ("Subcontractors") that performed work for NVR "throughout the Southeast region" subject to the terms of a master agreement. *Id.* ¶¶ 8-13 (addressing "NVR Master Contractor Agreement" and subcontract services). NVR alleges that each of the subcontractors agreed to defend and indemnify NVR for claims arising out of the subcontracted work and to "cause their liability

insurance carriers to name NVR as an additional insured." *Id.* ¶¶ 14-16. NVR further alleges that it received certificates of insurance from Cincinnati or its agents confirming that the required coverage had been issued. *Id.* ¶ 20

In late 2011, the Fairway Townes Owners' Association, Inc. ("Fairway Townes"),[1] initiated legal action in York County, South Carolina against NVR and the developer for alleged defects in the construction of the Project ("Underlying Litigation"). *Id.* ¶ 25; Dkt. No. 13-1 at 2. NVR alleges that the subcontractors and Cincinnati wrongfully refused to defend and indemnify NVR in that action as required under the NVR Master Contractor Agreement and Cincinnati's insurance policies. Dkt. No. 1 ¶¶ 36-38. In July 2012, additional parties were added to the Underlying Litigation, including the Subcontractors who are insured by Cincinnati. Dkt. No. 13-1 at 2.

Cincinnati instituted an action in a North Carolina state court ("North Carolina Action") on October 1, 2012, seeking a declaration that it did not owe NVR a duty of defense or indemnification in the Underlying Action. Dkt. No. 13-1 at 2. The North Carolina Action was served on NVR on October 3, 2012, and removed to the Western District of North Carolina on October 25, 2012. *Id.* On October 23, 2012, NVR instituted the present action which, in addition to seeking declaratory relief, seeks damages based on Cincinnati's refusal to defend NVR in the underlying action. *Id.* at 2-3.

**DISCUSSION**

The law relevant to the present motion was summarized in *Nexsen Pruet, LLC v. Westport Insurance Corporation*, 2010 WL 3169378 (D.S.C. 2010), as follows:

> Generally, a case pending in federal court "may be dismissed 'for reasons of wise judicial administration whenever it is duplicative of a parallel action already

---

[1] Fairway Townes has a pending motion to intervene in this action. The court does not reach that motion.

pending in another federal court.'" *Motley Rice, LLC v. Baldwin & Baldwin, LLP*, 518 F. Supp. 2d 688 (D.S.C. 2007) (quoting *Serlin v. Arthur Anderson & Co.*, 3 F.3d 221, 223 (7th Cir. 1993)) (internal alteration omitted). "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *New Beckley Min. Corp. v. Int'l Union, United Mine Workers of Am.*, 946 F.2d 1072, 1073 (4th Cir. 1991).

The Fourth Circuit recognizes the "first-filed" rule, which gives priority to the first suit filed absent a balance of convenience favoring the second filed. *Ellicott Mach. Corp. v. Modern Welding Co., Inc.*, 502 F.2d 178, 180 n. 2, 181 (4th Cir. 1974) (finding that the first-to-file principle is "a rule of sound judicial administration"); *see also Learning Network, Inc. v. Disc. Comm., Inc.*, 11 Fed. App'x 297 (4th Cir. 2001) (same); *Nall v. Piper*, 948 F.2d 1282 (4th Cir. 1991) (unpublished) (same). The Fourth Circuit has yet to recognize a "special circumstances" exception to the first to file rule. *Learning Network*, 11 Fed. App'x, at *3 n. 2 (stating that the Fourth Circuit has yet to recognize explicitly that special circumstances may warrant exception to the first-filed rule, but determining that a finding of no special circumstances did not constitute abuse of discretion).

*Nexsen Pruet*, Slip. Op. at 2; *see also MVP Group Int'l, Inc. v. Smith Mountain Indus., Inc.*, 2012 WL 425010, Slip. Op. at 1 (D.S.C. 2012) (applying the same standards and noting that, "[t]ypically, the burden is on the movant to show the transfer to another forum is proper, however, the first-filed rule shifts this burden to the party seeking adjudication in the second forum."). As explained in *MVP Group*, the court may dismiss, stay or transfer the later filed action. *Id.*

NVR argues that the court should disregard the first-filed rule for a number of reasons. First, it argues that the dispute is controlled by S.C. Code § 38-61-10, which provides that "[a]ll contracts of insurance on property, lives, or interests in this State are considered to be made in the State and all contracts of insurance the applications for which are taken within the State are considered to have been made within this State and are subject to the laws of this State." Dkt. No. 22 at 4. Whether this provision applies is subject to debate, given that the policies at issue did not directly insure property, lives or interests in South Carolina. Instead, they insured subcontractors who were based in North Carolina for work those contractors might perform, presumably in various states. Indeed, according

3

to NVR, the Subcontractors were to perform work for NVR "throughout the Southeast region."[2]

Ultimately, the issue of which state's law applies will be decided by whichever court proceeds with the litigation. The situs of the litigation may determine which state's *procedural* laws apply (including choice-of-law provisions), but is not likely to influence the determination as to which state's *substantive* law applies. NVR has not, in any event, suggested any significant differences between North Carolina and South Carolina's choice-of-law provisions, much less demonstrated that Cincinnati would gain an unfair advantage by applying North Carolina's choice-of-law provisions (assuming there are any differences).[3]

Second, NVR argues that "Cincinnati's anticipatory suit renders the first-to-file rule inapplicable[.]" Dkt. No. 22 at 5. This argument does not present an adequate basis for disregarding the first-filed rule under the circumstances of this case because it was not unreasonable for Cincinnati to initiate a declaratory judgment action seeking resolution of the coverage dispute. Such actions are frequently and properly initiated by insurers when there is a dispute as to the insurer's duty to defend and indemnify.

Third, NVR argues that South Carolina is the more convenient forum. Dkt. No. 22 at 6. It relies, first, on the presumption in favor of a plaintiff's choice of forum. This choice, however, bears little or no weight where the issue is which of two competing forums (with opposing "plaintiffs") should proceed. *See MVP Group*, Slip. Op. at 1 (quoted *supra*).

Finally, NVR argues that South Carolina provides better access to sources of proof, opportunity for a view of the premises, and ability to subpoena witnesses. This argument fails given

---

[2] The NVR Master Contractor Agreement includes a provision stating it is controlled by the laws of the Commonwealth of Virginia.

[3] This court expresses no opinion as to which state's laws control. It notes only that the matter is not free from dispute.

4

the primary nature of the action: a declaratory judgment action which will turn primarily if not solely on legal arguments. Even if the court requires oral argument as to the legal issues, or trial is required as to the claim for damages, any inconvenience is likely to be minimal given the relative locations of the courthouses in the District of South Carolina and Western District of North Carolina and the reach of the subpoena power.[4]

## CONCLUSION

For the reasons set forth above, the court concludes that the first-filed action should be given precedence. The court further concludes that transfer, rather than dismissal, is the more appropriate remedy as transfer will allow the two actions to be joined, or one or the other to be dismissed by the transferee court based on full consideration of the degree of overlap and interests of judicial economy. This matter is, therefore, transferred to the Western District of North Carolina.

IT IS SO ORDERED.

        s/ Cameron McGowan Currie
        CAMERON MCGOWAN CURRIE
        UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 16, 2013

---

[4] The Western District of North Carolina includes a division in Charlotte, North Carolina, which is substantially closer to York County, South Carolina than is the Columbia, South Carolina courthouse where hearings or trial in this matter would be held if the matter remains in this district. Charlotte, North Carolina is also closer to both NVR and Cincinnati's headquarters (Virginia and Ohio respectively), and serves as a major airline hub, making air travel more convenient. Finally, given the reach of subpoena power (within the district of the issuing court or outside the district but within 100 miles of the place specified for deposition or trial, Fed. R. Civ. P. 45(b)(2)), transfer to North Carolina is not likely to limit compulsory process. The court does not suggest that these considerations would, alone, support transfer. They do, on the other hand, defeat NVR's arguments in opposition to application of the first-filed rule.